574 A.2d 485

THERMOGRAPHIC DIAGNOSTICS, INC., A NEW JERSEY CORPORATION, PLAINTIFF–RESPONDENT, CROSS–APPELLANT, v. ALLSTATE INSURANCE COMPANY, DEFENDANT–APPELLANT, CROSS–RESPONDENT.

THERMOGRAPHIC DIAGNOSTICS, INC., A NEW JERSEY CORPORATION, PLAINTIFF–RESPONDENT, CROSS–APPELLANT, v. STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., NEW JERSEY AUTOMOBILE FULL INSURANCE UNDERWRITING ASSOCIATION, DEFENDANTS–APPELLANTS, CROSS–RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued February 27, 1990—Decided May 8, 1990.

Before Judges ANTELL, BILDER and ASHBEY.

*Andrew T. Berry* argued the cause for appellants, cross-respondents State Farm Mutual Automobile Insurance Co. and New Jersey Automobile Full Insurance Underwriting Association (*McCarter & English,* attorneys; *Andrew T. Berry* and *Jerry P. Sattin,* on the brief).

*William T. Barker* of the Illinois Bar, admitted *pro hac vice,* argued the cause for appellant, cross-respondent Allstate Insurance Company (*Sonnenschein, Carlin, Nath & Rosenthal,*

Illinois attorneys; *William T. Barker* and *Alan M. Posner,* of counsel; *Green, Lundgren and Ryan,* attorneys; *Peter P. Green,* on the brief).

*Michael J. Waldman* argued the cause for respondent, cross-appellant Thermographic Diagnostics, Inc. (*Ferrara & Waldman,* attorneys; *Michael J. Waldman,* on the brief).

The opinion of the court was delivered by

BILDER, J.A.D.

With the exception of the question as to the reasonableness of the charges for the thermographic studies, we are in accord with the decision of Judge Talbott and affirm substantially for the reasons expressed in her opinion published at 219 *N.J.Super.* 208, 530 *A.*2d 56 (Law Div.1987). With respect to the charges we are persuaded that she erred in her application of the test of their reasonableness. This requires a remand for the reconsideration of this single issue.

 We agree with Judge Talbott that as a general rule "[o]ne would presume that an amount charged would be reasonable if it is within a range customarily charged for such service within the community and the amount charged by such physician to other patients of his receiving similar treatment." *Id.* at 229, 530 *A.*2d 56. This general rule however is subject to the broader principle that proof of an industry custom is not conclusive on the issue of reasonableness but merely evidential. *See Klimko v. Rose,* 84 *N.J.* 496, 506 n. 4, 422 *A.*2d 418 (1980); *Wellenheider v. Rader,* 49 *N.J.* 1, 7, 227 *A.*2d 329 (1967). Here we are not satisfied that the finding as to the reasonableness of Thermographic Diagnostics, Inc.'s (TDI) charges for its thermographic studies is supported in the record.

TDI's billing is based upon an arrangement whereby referring doctors are able, through membership in limited partnerships established by TDI's managing director, to derive a financial benefit from the diagnostic test. Although the patient is billed by TDI, in fact the charges are made on behalf of the

partnership to which the referring doctor belongs. TDI retains about 30% of the fee, the remainder is credited to the partnership. Although the referring doctor does not directly participate in the particular fee of the referred patient, he or she does participate in the partnership's profit, an amount which is related to the referral use of TDI's facilities.

This is a type of entrepreneurship which has received strong criticism within the medical profession, *see* Relman, *Dealing with Conflicts of Interest*, 313 N.Engl.J.Med. 749 (1985); Hyman and Williamson, *Fraud and Abuse, Setting the Limits on Physicians' Entrepreneurship*, 320 N.Engl.J.Med. 1275 (1989); with respect to Medicare and Medicaid patients, it may be unlawful, *see* Hyman and Williamson, *supra.* In 1986 the Committee on Implications of For–Profit Enterprise in Health Care of the Institute of Medicine declared:

> It should be regarded as unethical and unacceptable for physicians to have ownership interests in health care facilities to which they make referrals or to receive payments for making referrals.
>
> [Committee on Implications of For–Profit Enterprise in Health Care, Institute of Medicine, B. Gray ed., *Physicians and Entrepreneurism in Health Care* 151, 163 (1986)]

For additional views of leaders of the medical profession as to self-referrals, *see* Iglehart, *The Debate over Physician Ownership of Health Care Facilities*, 321 N.Engl.J.Med. 198, 203–204 (1989).[1]

In her opinion, Judge Talbott set forth the disparity between the fees TDI charges the patients and its charges to the referring-doctor owned partnerships.

> TDI charges the insurance companies and the public in general $325 for a lumbar study, $100 for a thoracic study and $325 for a cervical study. This is the fee set by Dr. Charles Wexler of California, known as the father of thermography. It is the customary amount charged for thermographic tests in New Jersey and throughout the country. However, different fees are charged

---

[1]Similar concerns have been expressed about the inherent conflict of interest when attorneys engage in ancillary businesses which provide nonlegal services to their clients. *See* Chauvin, *A Conscientious Conclusion, Ancillary Businesses Too Risky For Clients and Lawyers*, A.B.A.J., March, 1990, at 8.

to members of two limited partnerships established by TDI's managing director. Thermographic Analysis for osteopathic doctors and Diagnostic Thermographic Analysis for chiropractors form a referral base for TDI. These partners are charged approximately $97.50 for a single area thermographic study and just over $200 for a full thermographic series, including a lumbar, thoracic and cervical study.

[219 *N.J.Super.* at 228, 530 *A.*2d 56]

In view of the admittedly wide disparity between the actual cost to the treating doctors, considering their interest in the intermediary partnership arrangement, and the fee charged the patient (or, as here, the PIP insurer), the self-determined "customary charge" would appear to be an inappropriate basis for determining the reasonableness of the charges.

The matter is remanded for determination of the reasonableness of the charges TDI seeks to recover from defendants. Jurisdiction is not retained.